Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10027 | **DATE** | December 19, 2012 |
| **CASE TITLE** | Kenneth Jones (M-01375) v. Sergenant, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Dixon Correctional Center officials to deduct $1.42 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Dixon Correctional Center. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint. The Clerk is directed to send Plaintiff an amended civil rights complaint form with instructions and a copy of this order. Plaintiff's failure to fully comply with this order will result in dismissal of this matter in its entirety.

■[For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff, Kenneth Jones, a prisoner at the Dixon Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $1.42. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff in the event of this transfer to any other correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff alleges that on August 23, 2011, an unknown Chicago Police officer used excessive force while arresting Plaintiff. Plaintiff names the unknown police officer and two unknown supervisors as Defendants. There are no allegations as to the unknown supervisors. Allowing Plaintiff to proceed with his present complaint would be futile because service of the complaint cannot be made on John Doe defendants.

When a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendants' supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Consequently, if Plaintiff wants to pursue his claim but cannot name the police officer(s, he should amend the complaint to add a Defendant who is in a position to identify the unknown Defendants (such as the City of Chicago if the unknown police officers were Chicago Police officers). Once Plaintiff has obtained service on the Defendant who can identify the unknown Defendant(s), and an attorney has entered an appearance on its behalf, Plaintiff may send defense counsel interrogatories (a list of questions) eliciting information regarding the identity of the Defendant(s) who allegedly violated his constitutional

| STATEMENT |
|---|
| rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns the Defendants' identities, he may ask leave of court to amend his complaint to add their names in place of the unknown correctional officers. Summonses would then issue for service on the presently-unknown Defendant(s).<br>  In light of the above, the Court dismisses the complaint without prejudice. If Plaintiff wishes to proceed with his claims he must submit an amended complaint on the forms required by Local Rule 81.1 of this Court. Plaintiff must write both the case number and the judge's name on the complaint and return the originally filled out and signed form and a copy for the judge and a copy for each defendant he names to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. The copies of the complaint may be either exact duplicates of the original (that is, photocopied from the original) or conformed copies of the original (that is, typed or hand written word for word from the original). If Plaintiff chooses to make conformed copies then he may request more copies of the amended complaint form from the Prisoner Correspondent.<br>  Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.<br>  Plaintiff's failure to fully comply with this order will result in dismissal of this case. |