IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH E. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 12 C 10027 |
| | ) | |
| MILTON N. DIXON, JR.; CHARLOTTE C. DE LA TORRE; KEVIN M. STAPLETON; GERALD SHEPPARD; LAWRENCE R. LOWREY, JR.; MARIO M. MENDOZA; HECTOR VILLANUEVA; CORTNEY D. JACKSON; DEROD HENDERSON; PASQUELL D. ROBINSON; and CITY OF CHICAGO, a municipal corporation, | ) | Judge Virginia M. Kendall |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth E. Jones commenced this action against various police officers and the City of Chicago ("City") alleging use of excessive force and failure to intervene in violation of 42 U.S.C. § 1983. The City moves to dismiss Jones' claim for recovery as third-party beneficiary of contract (Count V of the Complaint) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Specifically, the City asserts that Jones lacks standing as a third-party beneficiary to the contract at issue, that the Court has no subject matter jurisdiction over this claim, and that the claim is not ripe for adjudication. For the reasons stated below, the City's Motion to Dismiss is granted.

# BACKGROUND[1]

The following facts are taken from Jones' Second Amended Complaint and are assumed to be true for purposes of this Motion to Dismiss. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). On August 23, 2011, Jones was being chased on foot by two men in Chicago, Illinois. (Docket No. 24, Second Amended Complaint ¶ 17). One of the two men, an individual named Hermaine Ralsston, flagged down two Chicago police officers, Milton Dixon and Charlotte De La Torre, that he had been shoved by Jones and that Jones had stolen a chain he had been wearing. (Compl. ¶ 18). Officers Dixon and De La Torre pursued Jones on foot and caught up to him in the backyard of a residence, at which point he immediately and voluntarily dropped to his knees and raised his open hands above his head (*Id.* at ¶19-21). Without speaking, Dixon drew his Taser and fired at Jones, hitting him with the electrical charge. (*Id.* at ¶ 22). At no time prior to deploying the Taser did any of the police officer defendants speak to or warn Jones. (*Id.* at ¶ 24).

At all relevant times, the City was a party to two collective bargaining agreements: (1) an Agreement Between the City of Chicago Department of Police and the Fraternal Order of Police Chicago Lodge No.7 ("Agreement 1") and (2) an Agreement Between the City of Chicago and the Policemen's Benevolent & Protective Association of Illinois, Unit 156-Sergeants ("Agreement 2") (collectively "the Agreements"). (*Id.* at ¶¶ 51 and 54; Ex. A & B). Section 22.1 of Agreement 1 provides:

> The Employer shall be responsible for, hold officers harmless from and pay for damages or monies which may be adjudged, assessed, or otherwise levied against any officer covered by this Agreement, subject to the conditions set forth in Section 22.4.

---
[1] In deciding a motion to dismiss for lack of subject-matter jurisdiction this Court must accept all well-pleaded facts in Jones' Complaint as true; however, this Court is permitted to look beyond the four corners of the complaint to determine whether subject matter jurisdiction exists. *United Transp. Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir.1996).

Agreement 1 Section 22.1. Section 22.1 of Agreement 2 provides a similar protection to Sergeants:

> The Employer shall be responsible for, hold Sergeants harmless from and pay for damages or monies which may be adjudged, assessed, or otherwise levied against any Sergeant covered by this Agreement, subject to the conditions set forth in Section 22.4.

Agreement 2 Section 22.1. The Agreements provide this indemnification with the requirement that the officer or Sergeant is acting within the scope of employment. (Compl. ¶¶ 53 & 56).

Jones claims that he is a third-party beneficiary to the Agreements in Count V of his Second Amended Complaint such that he can enforce the indemnity provisions of the Agreements between the City and the police officer defendants in the event of a judgment in his favor. The City now moves this Court to dismiss Count V pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1); *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir.2003). "If subject matter jurisdiction is ... not evident on the face of the complaint, the motion to dismiss ... would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true. *United Phosphorus*, 322 F.3d at 946; *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir.1993) *citing Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir.1979). The party asserting jurisdiction must establish it by "competent proof." *United Phosphorus*, 322 F.3d at 946; *NFIC, Inc. v. Devcom Mid–America, Inc.*, 45 F.3d 231, 237 (7th Cir.1995) *citing McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S.Ct. 780 (1936). This means that jurisdiction must be

established by a preponderance of the evidence or "proof to a reasonable probability." *NFIC*, 45 F.3d at 237, *citing Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir.1993).

When considering a motion to dismiss under Rule 12(b)(6), this court will accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir.1995). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A plaintiff need not allege all facts involved in the claim. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir.1994). However, in order to survive a motion to dismiss for failure to state a claim, the claim must be supported by facts that, if taken as true, at least plausibly suggest that the plaintiff is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, (2009).

## DISCUSSION

### I. Subject Matter Jurisdiction

As a preliminary matter, the Agreements do not provide for mandatory arbitration. Section 22.5 of the Agreements states that grievances *may* be initiated through an expedited arbitration procedure (emphasis added). Under Illinois law, in interpreting contract terms, a court must first look to the plain language of the contract itself. *Wilson v. Career Educ. Corp.*, 729 F.3d 665, 671 (7th Cir. 2013). In common usage, the word "may" is permissive and not mandatory. *Estate of Ahmed*, 322 Ill. App.3d 741, 746, 750 N.E.2d 278, 255 Ill. Dec. 697 (1st Dist. 2001).

When a motion to dismiss questions subject matter jurisdiction, that determination must be addressed first. *See Cook v. Winfrey*, 141 F.3d 322, 324 (7th Cir. 1998). Once a court

determines that it has jurisdiction over claims, it may then proceed to test the sufficiency of the claim's pleadings pursuant to Rule 12(b)(6). *Angsten v. Blameuser*, 2005 WL 3095513, *2 (N.D. Ill. Nov. 16, 2005). The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. This Court exercises original jurisdiction over Counts One, Two, and Three of Jones' Complaint because they arise under federal civil rights law. 28 U.S.C. § 1331, 42 U.S.C. § 1983. However, Count Five of Jones' Complaint arises under Illinois law. Therefore, the issue of whether the Court has jurisdiction over this claim hinges upon whether supplemental jurisdiction is proper.

Count Five falls within the supplemental jurisdiction of the Court. In a civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a). In order for state claims to be within the court's supplemental jurisdiction, "[t]he state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130 (1966) (stating that a plaintiff's claims must be "such that he would ordinarily be expected to try them all in one judicial proceeding"). A loose factual connection between the claims is generally sufficient. *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995).

The federal and state claims in this case arise out of a common nucleus of operative facts. The state claim brought by Jones pertains to the same set of circumstances at issue in the federal claim. The crux of the state law claim is that the City is liable to Jones for the conduct of the City police officer defendants which gave rise to the federal excessive force and failure to intervene claims. *See Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (supplemental jurisdiction

exists when First Amendment retaliation claim regarding discipline for reporting assault by a fellow employee is related to underlying assault and battery state law claims; *see also Wilson v. City of Chicago*, 120 F.3d 681, 684 (7th Cir. 1997) (state claim to enable the collection of a judgment against a defendant is expressly authorized by the statute conferring supplemental jurisdiction). The state claim of recovery as third-party beneficiary to the Agreements necessarily stems from the same events and facts underlying the federal claims. Without the underlying federal claims against the police officer defendants, Jones would have no potential judgment to recover from the City. The acts allegedly committed by the police officer defendants that comprise the federal claims also create the prospective liability the City now faces under the Agreements, and the determinations regarding whether a violation occurred and liability for that violation should occur in the same sitting. *See Wilson*, 120 F.3d at 684. Because the state and federal claims arise out of the same factual predicate, this Court would have jurisdiction provided that Jones stated a claim for which relief can be granted.

**II. Standing as Third-Party Beneficiary to the Agreements**

Under Illinois law, if a contract is entered into for the direct benefit of a third person who is not a party to the contract, that person may sue on the contract as a third-party beneficiary. *City of Yorkville ex rel. Aurora Blacktop Incorporated v. American Southern Ins. Co.*, 654 F.3d 713, 716 (7th Cir. 2011), *citing Carson Pirie Scott & Co. v. Parrett*, 346 Ill. 252, 178 N.E. 498, 501 (1931). The test is whether the benefit is direct, in which case the person may sue, or incidental, in which case the person may not. *Carson Pirie Scott*, 178 N.E. at 501. Whether Jones is a third-party beneficiary to the Agreements is determined by whether the express parties to the contract intended the third party to have the right to enforce the contract. *See In re UAL Corp.*, 443 F.3d 565, 570 (7th Cir. 2006). An intended beneficiary is intended by the parties to

the contract to receive a benefit for the performance of the agreement and has rights and may sue under the contract; an incidental beneficiary has no rights and may not sue to enforce them. *Rawoof v. Texor Petroleum Co., Inc.*, 521 F.3d 750, 758 (7th Cir. 2008). There is a strong presumption in Illinois law against the creation of contractual rights in third parties. *See Bates & Rogers Const. Corp. v. Greeley & Hansen*, 109 Ill.2d 225, 93 Ill. Dec. 369, 486 N.E.2d 902, 906 (1985).

Third-party beneficiary status may only be conferred when the identification of the third party to be benefitted is clear and the benefit to him is direct. *See Carson Pirie Scott*, 178 N.E. at 501. This identification is evidenced from the language of the instrument, however, it is not necessary that the Jones be identified by name in the contract, as long as he is identified in some manner, like by class. *See Continental Cas. Co. v. American Nat. Ins. Co.*, 417 F.3d 727, 734 (7th Cir. 2005). In order to determine whether the contracting parties intended to benefit a nonparty to the agreement, so as to entitle enforcement as third-party beneficiary, courts must therefore look at the terms of the contract and the circumstances surrounding the parties at the time of its execution. *Advanced Concepts Chicago, Inc. v. CDW Corp.*, 405 Ill. App.3d 289, 293 (4th Dist. 2010).

Here, Jones potentially stands to benefit from the Agreements between the City and the individual defendants in the event of a judgment in his favor against a judgment-proof individual. The issue then becomes whether the benefit to Jones is direct or incidental. The court must make this determination through an analysis of the language of the contract and the circumstances surrounding the parties at the time the Agreements were entered into, *see Advanced Concepts Chicago*, 405 Ill. App.3d at 293, and in this case, the language of the Agreements does not indicate an intent to benefit third parties such as Jones.

In order to support his position, Jones cites *Gothberg v. Nemerovski*, 58 Ill. App.2d 372, 208 N.E.2d 12 (1st Dist. 1965) as persuasive authority where an Illinois court determined that the general public was in effect a real party in interest to an automobile liability insurance policy and *Kravitz v. Lake County*, 62 Ill. App.3d 101, 379 N.E.2d 126 (2nd Dist. 1978) for the proposition that a direct benefit under a contract gives a third party standing to enforce that contract. These cases fail to support Jones' position because both involved circumstances not present here.

In this case, there is no public policy rationale for conferring third-party beneficiary status upon Jones. *But cf. Gothberg*, 208 N.E.2d at 20 (peculiar significance of automobile liability insurance extends rights to the general public above and beyond the private interests of the two contracting parties); *Simmon v. Iowa Mut. Cas. Co.*, 3 Ill.2d 318, 322, 121 N.E.2d 509, 511 (1954) (automobile insurance has taken an important position in the modern world and is no longer a private contract merely between two parties); *see also Reagor v. Travelers Insurance Company*, 92 Ill. App.3d 99, 102 (1st Dist. 1980) (liability insurance abounds with public policy considerations and therefore injured members of the general public are beneficiaries of liability insurance policies). These policy considerations are unique to the automobile liability context and are not found in this indemnification provision to a collective bargaining agreement.

Nor is there any indication within the language of the Agreements or the circumstances surrounding their creation of an intention to benefit third parties. *Contra Gothberg*, 208 N.E.2d at 20-21 (third-party beneficiary status was proper when contract contained specific provision giving third party the right to recover directly from the insurance company in the event of a judgment); *see also Kravitz*, 379 N.E.2d at 127 (contract negotiations demonstrated clear direct benefit to third-party property owners). The language of Section 22.1 of the Agreements between the City and the individual defendants fails to mention any third parties and therefore does not

indicate an intention to benefit third parties. *See Federal Ins Co. v. Turner Const. Co.*, 277 Ill. App.3d 262, 660 N.E.2d 127, 132 (1st Dist. 1995) (the indemnification provisions in a construction contract did not identify any third parties and the plaintiff therefore failed to identify any language which constitutes an express declaration to overcome the presumption that the parties contracted only for themselves); *see also Gaffney v. William J. Burns Detective Agency Intern., Inc.*, 12 Ill. App.3d 476, 299 N.E.2d 540, 544 (1st Dist. 1973) (an indemnification clause concerning only the circumstances under which the defendant was required to indemnify the plaintiff's employer by its nature only concerned the parties to the contract). There is no mention of a third party in the language of the Agreements nor is there any evidence of an intention to benefit third parties in the circumstances surrounding their drafting. Instead, the stated purpose and intention of the Agreements is to "establish and promote mutual harmonious understanding and relationships between the [City] and the [police officers]." (Agreements Art. 1). Moreover, the language of the indemnification provision only states the circumstances under which indemnification of police officers is required. Accordingly, third-party beneficiary status will not be conferred. *See Continental Cas. Co.,* 417 F.3d at 734.

The police officer unions and the City negotiated the Agreements for the officers' benefit. The indemnification provision directly benefits only an officer against whom money damages are adjudged. The City correctly notes that a successful plaintiff realizes no benefit from the provision when a defendant officer has sufficient resources to satisfy the judgment. (Dkt. 48 at 3.) Although this provision can benefit a plaintiff in the event of a judgment-proof officer, this is an incidental, rather than direct, benefit. *See American United Logistics, Inc. v. Catellus Development Corp.*, 319 F.3d 921, 930 (incidental beneficiary receives benefit from the contract

9

unintended by the contracting parties). Accordingly, because there is no standing, Count V of Jones' Second Amended Complaint is dismissed.

## III. Ripeness

At issue is whether the Agreements on which Jones bases his third-party beneficiary claim against the City come into play only after a judgment is formally entered against one of the police officer defendants and the City refuses to pay that judgment. This claim is ripe for adjudication before such judgment is entered. Jones' request is analogous to seeking a declaratory judgment against the City. *See Wilson v. City of Chicago*, 120 F.3d 681, 685 (7th Cir. 1997) (although the defendant cannot be made to pay a judgment while the liability of its employee is still in question, it does not follow that the plaintiff cannot proceed under an indemnification provision of a statute until the judgment against the employee becomes final). Jones is simply asking the Court to determine his rights, if any, under the Agreements between the City and its police officers. *See Tempco Elec. Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987) (the purposes of declaratory judgments are to clarify and settle the legal relations at issue and to terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding); *see also Nucor Corp. v. Aceros Y Maquilla de Occidente, S.A. de C.V.*, 28 F.3d 572, 579 (7th Cir. 1994) (in suit by manufacturer seeking declaration that it had no contractual relationship with purchaser, a declaratory judgment serves the useful purpose of settling that contractual relationship).

In addition, there is no benefit in forcing Jones to wait until a final judgment is entered against an individual defendant and the City refuses to pay. *See Wilson*, 120 F.3d at 685 (denial of request would only cause delay and additional paperwork). Were Jones deemed a third-party beneficiary under the Agreements, his third-party beneficiary claim for recovery from the City

would be ripe and he would be able to expedite the judicial process by bringing it before a formal judgment was entered against one of the individual defendants.

## **CONCLUSION**

For the reasons stated herein, this Court grants the Defendant's motion to dismiss Count V of the Second Amended Complaint.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: March 4, 2014